IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LLOYD TRACKWELL,

    Plaintiff,

v.

BRUCE HAMPTON, et al.,

    Defendants.

No. 3:11-cv-00463-MO

OPINION AND ORDER

**MOSMAN, J.,**

Pro se plaintiff Lloyd Trackwell filed this suit against several private parties and included claims under 42 U.S.C. § 1983 against the following State of Oregon employees (collectively the "State Defendants"): District Attorney Mona Williams ("DA Williams"), Oregon State Police Officer Barry Taft ("Officer Taft"), Attorney General John Kroger ("AG Kroger"), and Assistant Attorney General Jesse Davis ("AAG Davis"). The State Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) and, for the reasons explained below, I grant their motions [4][43].

## STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has

1 – OPINION AND ORDER

acted unlawfully." *Id.* The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

Mr. Trackwell initially alleged fraudulent misconduct by private parties and that DA Williams and AG Kroger failed to prevent it. They moved to dismiss, arguing that Mr. Trackwell failed to allege a constitutional violation and that his suit was barred by prosecutorial immunity. Mr. Trackwell sought leave to amend. His amended complaint (filed nearly three months late) added Officer Taft and AAG Davis as defendants and brought claims under 42 U.S.C. § 1983 based on two categories of conduct, which I address in turn below. The State Defendants then filed a supplemental motion to dismiss.

### I. DA Williams and Officer Taft: Civil Stalking Protective Order

First, Mr. Trackwell alleges DA Williams and Officer Taft violated his rights because of a civil proceeding filed by defendant Bruce Hampton against Mr. Trackwell. Mr. Hampton filed for a stalking protective order against Mr. Trackwell in Wallowa County Circuit Court. Judge Russell West held hearings and ultimately entered a stalking order. According to Mr. Trackwell, the case is now on appeal. The alleged constitutional violation is that DA Williams and Officer Taft wrongfully decided that probable cause existed, which allowed Mr. Hampton to file his complaint for the stalking order.[1]

While his claim appears to be based on procedural due process, Mr. Trackwell alleges no specific deficiencies with the stalking order proceeding. In fact, in his briefing he asserts that Judge West's decision was not affected by the allegedly improper citation. (Pl.'s Resp. [41] 4) (asserting that the court "did not address the allegations contained in the complaint, nor use those

---

[1] One way this type of proceeding can begin is with a victim filing a verified complaint with a law enforcement officer, who then issues a citation if probable cause exists regarding specific elements. Or. Rev. Stat. § 163.735(1).

allegations as a framework within which to conduct the evidentiary hearing" and the "court ignored and did not use the citation and the attached complaint"). He also fails to state anything more than conclusory allegations of unfairness as to the probable cause determination itself. Accordingly, Mr. Trackwell does not plausibly allege constitutionally deficient "procedural protections," and the records the State Defendants submitted establish that he cannot do so. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that "documents incorporated by reference in the complaint, or matters of judicial notice" may be considered on a motion to dismiss). They show that Mr. Trackwell has had numerous opportunities to contest the stalking complaint, including motions practice after the stalking order issued. Thus, his 42 U.S.C. § 1983 claim fails.[2]

## II. AG Kroger and AAG Davis: Document Disclosure

Mr. Trackwell alleges he provided unidentified documents that are protected by the Bank Secrecy Act to AG Kroger. Mr. Trackwell also alleges AG Kroger would not provide unidentified documents to him and then released other unidentified documents in order to retaliate against him. These bare allegations fail. They do not state a plausible claim that the State Defendants acted unlawfully or that Mr. Trackwell's rights were violated.

## III. Leave to Amend

Leave to amend should be granted liberally. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). However, a court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

---

[2] To the extent Mr. Trackwell's claim against the State Defendants is based on a failure to prosecute Mr. Hampton, it is barred by prosecutorial immunity. *Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). He also refers to equal protection, but fails to provide any details or explain what protected class is at issue. *See Lee v. City of Los Angeles*, 250 F.3d 668, 667 (9th Cir. 2001).

3 – OPINION AND ORDER

amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Plaintiff has failed multiple times to state a valid claim and has repeatedly delayed this proceeding without any reasonable explanation.[3] Leave to amend would be futile and inappropriate under these circumstances in any event. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (dismissal with prejudice was proper "in light of [plaintiff's] repeated failure to cure the deficiencies in his pleadings").

## CONCLUSION

The State Defendants' motions to dismiss [4][43] are GRANTED. Plaintiff's claims against the State Defendants are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 29 day of December, 2011.

MICHAEL W. MOSMAN
United States District Court

---

[3] When he moved to amend his complaint, Mr. Trackwell did not attach a proposed complaint or explain his amendments. I nevertheless granted leave to amend by August 29, 2011. He filed an unsigned complaint on October 11, 2011. When I ordered a signed version by November 14, 2011, he instead filed a motion for an extension of time and then filed a signed complaint, with further changes, on November 18, 2011. His explanation is a failure to make proper arrangements with his mail and that he has given more attention to other proceedings.

4 – OPINION AND ORDER